```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :      NO. 03-349-2
            v.                  :
                                :      CIVIL ACTION
STACEY CRITTENTON               :      NO. 07-3770
```

MEMORANDUM

Bartle, C.J.                                          February 7, 2008

   Defendant Stacey Crittenton ("Crittenton") was found guilty by a jury of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and of aiding and abetting in violation of 18 U.S.C. § 2.  Crittenton, a career offender with a Criminal History Category of V, faced a range of 188 to 235 months under the then-mandatory Sentencing Guidelines. On December 20, 2004, Crittenton was sentenced to 188 months imprisonment, at the bottom of the applicable guideline range. On June 30, 2005, after the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005), Crittenton was resentenced to 180 months imprisonment along with a term of supervised release of three years and a special assessment of $500.

   On November 2, 2006, our Court of Appeals affirmed Crittenton's conviction and sentence on direct appeal. Crittenton then filed a motion challenging his sentence under

Rule 60(b) of the Federal Rules of Civil Procedure, which was likewise denied.  On September 21, 2007, the Court of Appeals affirmed that denial.  On November 5, 2007, Crittenton filed a motion challenging his conviction and sentence under 28 U.S.C. § 2255.  We denied that motion on January 2, 2008.  Now before the court is Crittenton's motion under Rule 59(e) of the Federal Rules of Civil Procedure to amend our Order of January 2, 2008.

Our Court of Appeals has instructed that "the standard a party must meet to succeed on a motion for reconsideration is quite high ...."  Kabacinski v. Bostrom Seating, Inc., 98 Fed. Appx. 78, 81 (3d Cir. 2004).  "A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Crittenton's primary argument is that this court made a clear error of law when we held that he was not entitled to "notice" from the government under 21 U.S.C. § 851 before being sentenced as a Career Offender under the Federal Sentencing Guidelines.  That claim is meritless.  Section 851 applies only to an enhancement of a defendant's statutory maximum sentence, not to the Guidelines calculation of "career offender status."  See United States v. Escobales, 218 F.3d 259, 263 (3d Cir. 2000).

-2-

Here, the defendant's sentence of 180 months (15 years) was well below the 20-year statutory maximum sentence he could have received under 21 U.S.C. § 841(b)(1)(C). Therefore, he is not entitled to relief on that basis.

Crittenton also suggests that the recent decision of the United States Supreme Court in Gall v. United States, 128 S. Ct. 586 (2007), somehow affects his § 2255 petition. The Supreme Court in Gall held that Courts of Appeals must review all sentencing decisions, whether inside or outside the Guidelines range, under an "abuse of discretion" standard to determine whether the sentence is "reasonable." Id. at 597. Crittenton cites Gall only for the proposition that the district court must explain its decisions on the record to allow for meaningful appellate review. When offered for that purpose, Gall is not an example of an intervening change in controlling law and provides no basis for us to modify our denial of Crittenton's § 2255 motion.

Crittenton again raises the sentencing disparity between him and his co-defendant, Naim Pryor, having previously argued it at his re-sentencing, in a post-trial motion, on direct appeal, and in his § 2255 motion. It was rejected each time. Crittenton here cites the disparity as an instance of manifest injustice. The disparity between the sentences is easily explained by the fact that Crittenton had a far more serious criminal history than Pryor. Crittenton had fourteen criminal history points, while Pryor had only four. Crittenton has not

demonstrated that the sentencing disparity itself or the denial of his § 2255 petition has resulted in manifest injustice, and therefore he is not entitled to relief on this ground.

Finally, Crittenton contends that he was prejudiced by his lack of opportunity to file a reply to the Government's response of December 21, 2007.  He presumably suggests that this constitutes either a clear error of law or an instance of manifest injustice.  Under Rule 5(d) of the Rules Governing § 2255 Proceedings, the moving party "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  No court has held that Rule 5(d) entitles a petitioner to submit a reply under all circumstances.  When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief. See, e.g., Shipley v. United States, No. 07-2051, 2007 WL 4372996, at *1 (W.D. Ark. Dec. 12, 2007) (citing Arias v. U.S., No. 06-381, 2007 WL 2119050, at *1 (M.D. Fla. July 20, 2007)).  Moreover, Rule 7.1(c) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania states that "[t]he court may require or permit further briefs [after the non-moving party's brief in opposition] if appropriate."  Crittenton's § 2255 motion was totally without merit, and any reply brief would have been a futile exercise.  Thus, the lack of an opportunity to file a reply brief affords him no relief.

Accordingly, because Crittenton has failed to show either an intervening change in controlling law, a clear error of law in our Order denying his § 2255 petition, or manifest injustice caused by said Order, we are denying his motion under Rule 59(e).

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :    CRIMINAL ACTION
                                 :    NO. 03-349-2
          v.                     :
                                 :    CIVIL ACTION
STACEY CRITTENTON                :    NO. 07-3770
```

ORDER

AND NOW, this 7th day of February, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of petitioner Stacey Crittenton under Rule 59(e) of the Federal Rules of Civil Procedure is DENIED; and

(2)  a certificate of appealability is not issued.

BY THE COURT:

/s/ Harvey Bartle III
C.J.