IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :
            v.                :
                              :
STACEY CRITTENTON            :      NO. 03-0349-02

MEMORANDUM

Bartle, C.J.                                        July 30, 2009

        Before the court is the motion of Stacey Crittenton for
modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

        On May 27, 2003, Crittenton was charged in an
indictment with:  (1) one count of conspiracy to possess with
intent to distribute controlled substances, namely, cocaine base
("crack cocaine"), heroin, cocaine, and marijuana, in violation
of 21 U.S.C. § 846; (2) one count of possession with intent to
distribute crack cocaine, and the aiding and abetting thereof, in
violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), and 18 U.S.C. § 2;
(3) one count of possession with intent to distribute heroin, and
the aiding and abetting thereof, in violation of 21 U.S.C.
§ 841(a)(1), (b)(1)(c), and 18 U.S.C. § 2; (4) one count of
possession with intent to distribute cocaine, and the aiding and
abetting thereof, in violation of 21 U.S.C. § 841(a)(1),
(b)(1)(c), and 18 U.S.C. § 2; and (5) one count of possession
with intent to distribute marijuana, and the aiding and abetting
thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and 18

U.S.C. § 2.  On June 24, 2004, a jury found Crittenton guilty of
all counts against him.

At Crittenton's first sentencing, which occurred on
December 20, 2004, the court merged the five distribution counts
into a single violation of 21 U.S.C. § 841(a) involving a
"marijuana equivalent" of 55.8 kilograms and carrying an offense
level of 20.  Crittenton's previous felony convictions, however,
one of which was a drug crime and one of which was a crime of
violence, qualified him as a "career offender."  Id. § 4B1.1(a).
His criminal history category was consequently elevated from V to
VI.  Id. § 4B1.1(b).  Because several of the drug offenses of
which he had just been convicted carried a maximum sentence of
more than 20 years in prison, his offense level was increased to
32, which called for a guideline range of 210 to 262 months
imprisonment.  Id. § 5A.

The court found that the "career offender" designation
substantially over-represented the seriousness of Crittenton's
criminal history.  On that basis, the court invoked U.S.S.G.
§ 4A1.3(b) to depart downward and apply Crittenton's original
criminal history category of V.  The court then sentenced
Crittenton to 188 months' imprisonment, at the bottom of the
range prescribed by the then-mandatory Sentencing Guidelines for
an offense level of 32 combined with a criminal history category
of V.  Had Crittenton not been a career offender under the
Guidelines, his offense level would have been 20 and criminal

history category would have been V, resulting in a guideline range of only 63 to 78 months.  Id. § 5A.

The Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), shortly after Crittenton's sentencing and while his case was on appeal.  Accordingly, on June 30, 2005, the court resentenced Crittenton, this time departing from the lower end of the aforementioned guideline range and sentencing Crittenton to 180 months' imprisonment.  The rationale for that further reduction was to provide consistency between the sentences of Crittenton and his co-defendant, Naim Pryor.[1]  On November 2, 2006, our Court of Appeals affirmed Crittenton's conviction and sentence.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..." and where "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).  The Commission has clarified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the

---

1.  Pryor, who unlike Crittenton was also convicted of firearm offenses at trial, received a sentence of 180 months after the court made a considerable downward departure under Booker.  His criminal history, however, was less serious than Crittenton's.

-3-

defendant's applicable guideline range."  U.S.S.G.
§ 1B1.10(a)(2)(B).

Effective November 1, 2007, the Sentencing Commission
adopted Amendment 706.  This amended § 2D1.1 of the Guidelines to
reduce the offense levels applied to many offenses involving
crack cocaine.  On December 11, 2007, in Amendment 712, the
Sentencing Commission ordered that Amendment 706 apply
retroactively, effective March 3, 2008.  When applied to the drug
offenses for which Crittenton was convicted, Amendment 706 lowers
his pre-"career offender" offense level by 2, from 20 to 18.

The government argues that Crittenton's "applicable
guideline range" was not lowered by Amendment 706 and that as a
result he is not entitled to relief.  We acknowledge that the
government would be correct had Crittenton been sentenced as a
career offender and received a term of imprisonment within the
corresponding guideline range of 210 to 262 months.  See United
States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009).
Crittenton, however, was not sentenced as a career offender.  At
his initial sentencing, the court granted a downward departure
under U.S.S.G. § 4A1.3, based on the court's finding that the
defendant's criminal history category substantially over-
represented his criminal history.  Crittenton's criminal history
category was thereby reduced from VI to V.  The court then
granted a further departure under Booker at resentencing.  The
fact that Crittenton was convicted of a crack cocaine offense

-4-

played a considerable role in this decision-making process.  18
U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

       Other courts, including at least one in our district,
have agreed that under these circumstances, the defendant is
entitled to relief because he was not sentenced as a career
offender and thus his sentence was "based on a guidelines range
that has been subsequently lowered" by Amendment 706.  See, e.g.,
United States v. Stratton, Crim. A. No. 99-326, 2009 WL 506365,
at *4-*6 (E.D. Pa. Feb. 27, 2009); United States v. Blackmon,
Crim. A. No. 05-76, 2008 WL 5135157, at *1-*4 (E.D. Mo. Dec. 5,
2008); see also United States v. McGee, 553 F.3d 225, 227-30 (2d
Cir. 2009); United States v. Poindexter, 550 F. Supp. 2d 578,
580-82 (E.D. Pa. 2008).  We reject the government's argument that
the recent decision of our Court of Appeals in United States v.
Doe forecloses our ability to grant a reduction on these facts.
564 F.3d 305, 311-12 (3d Cir. 2009).  That panel simply did not
address the scenario presented here.  See United States v.
Stewart, Crim. A. Nos. 02-736 and 03-442, 2009 WL 1563906, at *2-
*3 (E.D. Pa. June 3, 2009).

       The Sentencing Commission has cautioned that "if the
original term of imprisonment constituted a non-guideline
sentence determined pursuant to 18 U.S.C. § 3553(a) and United
States v. Booker, 543 U.S. 220 (2005), a further reduction
generally would not be appropriate."  U.S.S.G. § 1B1.10(b)(2)(B).
This court's Booker departure in 2005 was an attempt to ensure
consistency between the sentences of Crittenton and his co-

-5-

defendant.  It was not premised upon the severity of the crack
cocaine guidelines, which the Commission itself has recently
characterized as an "urgent and compelling" problem.  Reasons for
Amendment, Amendment 706, Supplement to Appendix C.  Accordingly,
because Crittenton has yet to benefit from the purpose behind
Amendment 706, we find that a further reduction is warranted.
See, e.g., Blackmon, 2008 WL 5135157, at *3.

     In sum, we conclude that Crittenton's sentence was
"based on a sentencing range that has subsequently been lowered
by the Sentencing Commission."  Taking into consideration all
appropriate factors under 18 U.S.C. § 3553(a), we will grant
Crittenton the two-level reduction in offense level dictated by
Amendment 706, that is, from 32 to 30, and resentence him to a
term of imprisonment of 151 months.  We further find pursuant to
U.S.S.G. § 1B1.10 that this reduced sentence will not pose a
threat to the public safety.