IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| STACEY CRITTENTON | : | NO. 03-349-2 |

MEMORANDUM

Bartle, J.                                                                February 10, 2012

      Before the court is the motion of Stacey Crittenton to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

      In 2004, a jury convicted Crittenton of crimes related to the distribution of drugs, including conspiracy to distribute cocaine base ("crack") and possession of crack with the intent to distribute.  See United States v. Crittenton, No. 03-349-2, 2009 U.S. Dist. LEXIS 66510, at *2-*3 (E.D. Pa. July 30, 2009). Crittenton's criminal history qualified him as a career offender, automatically elevating his criminal history to Category VI.  See USSG §§ 4B1.1(a)-(b).  The then mandatory Sentencing Guidelines called for a sentence between 210 and 262 months.  See Crittenton, 2009 U.S. Dist. LEXIS 66510, at *2.  We found that criminal history Category VI over-represented Crittenton's criminal history and granted a downward departure to criminal history Category V.  This resulted in a guidelines sentencing range of 188 to 235 months.  Id. at *2-*3; see USSG §§ 4A1.3(b)(1) and (3)(A).  The court imposed a sentence of 188 months, the lowest sentence permitted under the Guidelines.

While the case was on appeal, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and the case was remanded for resentencing.  On remand, the court granted a variance and lowered Crittenton's sentence to 180 months, a sentence equal to that imposed on Crittenton's co-defendnat, Naim Pryor.  Id.

Then, in 2007, the Sentencing Commission reduced the offense levels applicable to many crimes involving crack and permitted courts to apply those reductions retroactively.  See Crittenton, 2009 U.S. Dist. LEXIS 66510, at *4-*5.  The court granted Crittenton's motion to reduce his sentence pursuant to § 3582(c)(2), and after considering the factors under 18 U.S.C. § 3553(a), imposed a sentence of 151 months.  Id. at *4-*8.

The Sentencing Commission has once again retroactively lowered the offense levels applicable to crimes involving crack, and Crittenton has moved for a further reduction in his sentence. Even if this most recent amendment to the Sentencing Guidelines authorizes the court to lower Crittenton's sentence, a position the government disputes,[1] we decline to adjust Crittenton's sentence.

---

1. The government maintains that under § 3582(c)(2) and USSG § 1B1.10, Crittenton is ineligible for a reduction in sentence due to his status as a career offender notwithstanding that the court did not sentence Crittenton in accordance with the career offender guidelines.  In light of the conclusion we reach below, we need not determine the scope of our authority to reduce Crittenton's sentence.

Sentence reductions under § 3582(c)(2) are discretionary. Dillon v. United States, 130 S.Ct. 2683, 2692 (2010). In determining whether to exercise that discretion, we must consider the factors listed in § 3553(a). 18 U.S.C. § 3582(c)(2); see Dillon, 130 S.Ct. at 2692. After considering all of those factors, including the nature of Crittenton's crimes, his extensive criminal history, as well as the 180-month sentence imposed on his co-defendant, we find that his current sentence of 151 months is "sufficient, but not greater than necessary," to achieve the goals under the Sentencing Guidelines and § 3553(a)(2). See 18 U.S.C. § 3553(a). Crittenton faced a minimum sentence of 210 months and a maximum of 262 months before the downward departure for over-representation of his criminal history. Instead, the court has lowered the minimum potential sentence by 59 months, including a 29 month reduction in recognition of "the severity of the crack cocaine guidelines" in effect at the time of Crittenton's resentencing in 2005. Crittenton, 2009 U.S. Dist. LEXIS 66510, at *7. No further reduction in Crittenton's sentence is warranted.